213 P.3d 367

**Richard VICARI, an individual dba Color Arts Landscaping; and Color Arts Landscaping, a sole proprietorship, Plaintiffs–Appellants,**

v.

**LAKE HAVASU CITY, an incorporated municipality, Defendant–Appellee.**

**No. 1 CA–CV 08–0534.**

Court of Appeals of Arizona, Division 1, Department A.

Aug. 4, 2009.

---

Law Offices of Keith S. Knochel, P.C. by Keith S. Knochel, Bullhead City, Attorneys for Appellants.

Grasso Law Firm, P.C. by Kim S. Alvarado, Jamie R. Heller, Tempe, Attorneys for Appellee.

## OPINION

WEISBERG, Judge.

¶ 1 Richard Vicari and Color Arts Landscaping (collectively "Vicari") appeal from the portion of the superior court's final judgment that awarded $1,000 in attorneys' fees to Lake Havasu City ("the City"). For the following reasons, we affirm.

## BACKGROUND

¶ 2 On June 12, 2007, Vicari, a subcontractor for Western Municipal Construction, Inc. ("Western"), filed a first-amended complaint against Western and the City for breach of contract. The complaint alleged, in part, that (1) the City owed Vicari a third-party contractual duty that arose from a contract between the City and Western and (2) the City breached its duty to Vicari by failing to direct Western to pay its subcontractors as provided by the City's contract with Western.

¶ 3 The City did not file an answer to the complaint, but instead filed a motion on June 20, 2007, to dismiss the complaint pursuant to Arizona Rule of Civil Procedure ("Rule") 12(b)(6). The City argued that it did not enter into or breach any contract with Vicari, that it directed Western to pay its subcontractors on a timely basis, and that Vicari failed "to state a claim upon which relief can be granted." The City additionally requested an award of attorneys' fees.

¶ 4 Vicari did not respond to the City's motion, but instead filed a notice of voluntary dismissal on July 20, 2007 seeking to dismiss without prejudice its complaint against the City. On July 25, the superior court acknowledged receipt of Vicari's notice of voluntary dismissal and indicated that it "will sign [a] written Order upon presentation."

¶ 5 However, on July 31, 2007, the court noted "interesting procedural issues" in the case and indicated that it would treat the pending motion to dismiss as one for summary judgment because that motion "included matters outside of the pleadings." The court then stated, "[I]t would appear then that [the City] has not been voluntarily dismissed from the case." Nevertheless, the court was unsure whether the City wished to accept the voluntary dismissal and withdraw its motion to dismiss or have the court address its motion. The court directed the City to advise the court of its position.

¶ 6 Thereafter, the City filed a statement indicating that it would accept Vicari's voluntary dismissal, but that it was renewing its request for attorneys' fees. Vicari objected to the City's request and, in turn, sought its own award of attorneys' fees.

¶ 7 On May 1, 2008, the court issued a minute entry granting the City's motion to dismiss and awarding it reasonable attorneys' fees and costs. The court stated that although the purpose of a Rule 41(a) dismissal was to allow a party to avoid litigation expenses, both parties had incurred expenses. The court then treated the City's motion to dismiss as one for summary judg-

ment and made specific findings of fact and conclusions of law to support its ruling.

¶ 8 Vicari then moved for reconsideration. In a minute entry filed on May 19, 2008, the court stated that it might grant the motion for reconsideration because the City had not provided supporting documentations that would permit the court to treat the motion to dismiss as a motion for summary judgment pursuant to the applicable rules.[1] Thus, the court concluded that "it would appear ... that the Notice of Dismissal was timely in that there was no properly supported Motion for Summary Judgment before the Court." However, the court permitted the City an opportunity to file a response, which it did.

¶ 9 On June 5, 2008, the court issued a minute entry affirming its prior order of dismissal and award of attorneys' fees and effectively denying Vicari's motion for reconsideration. The court reasoned,

> [T]here was no substantial justification for the Complaint against [the City]. Therefore, irrespective of the status of the Motion to Dismiss, whether the same is treated as a Motion for Summary Judgment or not, [the City] incurred attorney's fees and costs that it simply should not have had to incur. Additionally, the Notice of Dismissal was not filed until after the Motion to Dismiss had been filed. Accordingly, [Vicari's] efforts to portray that there was an agreement to dismiss the matter has to be taken in light of the fact that [the City] proceeded to incur the costs of the preparation and the filing of the Motion to Dismiss.

¶ 10 The court then certified its ruling as final and signed a judgment dismissing with prejudice the complaint against the City. The court also awarded the City $1,000 in attorneys' fees and $255.40 in costs. Vicari timely appealed the award of attorneys' fees.

## ANALYSIS

¶ 11 Vicari does not challenge the superior court's order dismissing the case with preju-dice or that portion of the judgment awarding costs to the City. Rather, appealing only the award of attorneys' fees, it argues that the superior court lacked "jurisdiction" to award attorneys' fees to the City because it had voluntarily dismissed the case prior to any proper conversion of the motion to dismiss into a motion for summary judgment. The City responds that because Vicari only appealed the award of attorneys' fees, and not the judgment, the issue before us is whether the superior court abused its discretion by awarding the City its requested fees.

¶ 12 Despite presenting a "jurisdictional" challenge, Vicari neither cites supporting authority nor explains how the superior court lacked the power to award attorneys' fees. *See Schuster v. Schuster,* 75 Ariz. 20, 23, 251 P.2d 631, 633 (1953) (describing "jurisdiction" generally as "the power to act"). Although a judgment may be rendered void in a collateral proceeding if it lacked personal jurisdiction, subject-matter jurisdiction, and jurisdiction to render the particular judgment, *Collins v. Superior Court,* 48 Ariz. 381, 393, 62 P.2d 131, 137 (1936) (citing *Tube City Min. & Mill. Co. v. Otterson,* 16 Ariz. 305, 146 P. 203 (1914)), Arizona courts have noted the often imprecise use of the word "jurisdiction" to attack the legality of a judgment on direct appeal. *See, e.g., Collins,* 48 Ariz. at 393, 62 P.2d at 137 (explaining that "jurisdiction" often incorrectly used to mean, "not the power to perform a certain act, but the *performing of it when it was prohibited,* a very different thing"); *Estes v. Superior Court,* 137 Ariz. 515, 517, 672 P.2d 180, 182 (1983) (distinguishing the term jurisdiction from legal error); *State ex rel. Dandoy v. City of Phoenix,* 133 Ariz. 334, 338–39, 651 P.2d 862, 866–67 (App.1982) (noting that in cases involving direct appeal, lack of jurisdiction is often confused with legal error). Given the context of Vicari's challenge, we conclude that the "jurisdictional" argument here refers

---

1.  Rule 12(b) provides, in relevant part,
    If, on a motion ... to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

not to the power of the court to award attorneys' fees, but to the correctness of the court's decision to award attorneys' fees on any basis following a Rule 41(a)(1) voluntary dismissal. We therefore will limit our inquiry to the scope of this question.

¶ 13 In resolving the question before us, we review the superior court's interpretation of the applicable law and its legal conclusions de novo. *See Warner v. Sw. Desert Images, LLC*, 218 Ariz. 121, 136, ¶ 49, 180 P.3d 986, 1001 (App.2008). "We interpret rules of procedure, as we do statutes, by their plain meaning." *State v. Old W. Bonding Co.*, 203 Ariz. 468, 471, ¶ 12, 56 P.3d 42, 45 (App.2002). Where the statutory language is clear, we ascribe plain meaning to its terms. *Rineer v. Leonardo*, 194 Ariz. 45, 46, ¶ 7, 977 P.2d 767, 768 (1999). If ambiguity exists, we apply secondary principles of statutory construction and consider other relevant information, including the history, context, and spirit and purpose of the law, to glean legislative intent. *Ariz. Newspapers Ass'n, Inc. v. Superior Court*, 143 Ariz. 560, 562, 694 P.2d 1174, 1176 (1985); *see also Fuentes v. Fuentes*, 209 Ariz. 51, 54–55, ¶ 12, 97 P.3d 876, 879–80 (App.2004).

**Notice of Voluntary Dismissal**

¶ 14 Vicari argues that its notice of voluntary dismissal was self-executing and automatically effective without court order because it was filed before the City served an answer or motion for summary judgment. Vicari admits that the City's motion to dismiss was pending at the time it voluntarily dismissed the case, but contends that the City never converted its motion to one for summary judgment and that the court did not treat that motion as one for summary judgment until "it was too late."

¶ 15 Rule 41(a) provides, in relevant part,

1. Subject to [certain provisions], an action may be dismissed (A) by the plaintiff without order of court by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs .... Unless otherwise stated in the notice ... the dismissal is without prejudice ....

¶ 16 The plain language of Rule 41(a)(1) permits a plaintiff to voluntarily dismiss his own case without court order if he files a notice of dismissal before the adverse party serves an answer or motion for summary judgment. Accordingly, in *Goodman v. Gordon*, 103 Ariz. 538, 540, 447 P.2d 230, 232 (1968), our supreme court explained,

It is now the well-settled rule that ... before [an] answer is filed the right to dismiss is absolute, self-executing, and accomplished automatically by plaintiff's filing of a notice of dismissal. There need be no notice to defendant, no hearing on the matter, and no order of the court.

¶ 17 The record before us reflects that Vicari filed its notice of voluntary dismissal on July 20, 2007. At that time, the City had not filed an answer or motion for summary judgment. Although there was a pending motion to dismiss, at no time prior to the voluntary dismissal did the City assert or the superior court find that the motion was one for summary judgment. Indeed, the court did not consider matters outside the pleading and convert the motion to dismiss into one for summary judgment until after the notice of voluntary dismissal was filed.[2] *See Cullen v. Koty-Leavitt Ins. Agency, Inc.*, 216 Ariz. 509, 514, ¶ 10, 168 P.3d 917, 922 (App.2007), *reversed in part on · other grounds by Cullen v. Auto-Owners Ins. Co.*, 218 Ariz. 417, 189 P.3d 344 (2008) (stating inclusion of matters outside the pleading in motion to dismiss alone not sufficient to convert motion to one for summary judgment as court has discretion under Rule 12(b) to disregard those matters); *Smith v. CIGNA HealthPlan of Ariz.*, 203 Ariz. 173, 176, ¶ 8, 52 P.3d 205, 208 (App.2002) (treating motion to dismiss as one for summary judgment because trial court had converted motion when it considered matters outside pleading). Despite the court's statement on July 25,

**2.** We need not decide whether the superior court properly converted the motion to dismiss into one for summary judgment as that issue is neither before us nor necessary to our resolution of this appeal.

2007 that it would sign a written order to dismiss upon presentation, no such order was necessary. *See* Rule 41(a)(1); *Goodman,* 103 Ariz. at 540, 447 P.2d at 232. We therefore conclude that Vicari effectively withdrew its complaint and the case was automatically dismissed on July 20, 2007.·

**Effect of Voluntary Dismissal**

¶ 18 We next consider whether the superior court was prohibited from awarding attorneys' fees to the City after Vicari voluntary dismissed its complaint. Although Vicari did not explain the effect and purpose of Rule 41(a)(1), implicit in its argument is that its proper voluntary dismissal pursuant to Rule 41(a)(1) precluded the court from subsequently awarding attorneys' fees to the City.

¶ 19 Rule 41(a)(1) neither mentions attorneys' fees nor directly addresses the issue before us. Consequently, because our Rule 41(a)(1) was modeled after Federal Rule of Civil Procedure ("FR") 41(a)(1),[3] we look to federal law for guidance. *See* Ariz. R. Civ. P. 41(a) (Historical Notes); *Edwards v. Young,* 107 Ariz. 283, 284, 486 P.2d 181, 182 (1971) ("Because Arizona has substantially adopted the Federal Rules of Civil Procedure, we give great weight to the federal interpretations of the rules."); *but see Logerquist v. McVey,* 196 Ariz. 470, 489, ¶ 56, 1 P.3d 113, 132 (2000) (declining to adopt Supreme Court's interpretation of federal version of Arizona Rule of Evidence 702).

¶ 20 Federal Rule 41(a) was enacted in 1938 to curb abuses of certain non-suit rules that allowed a plaintiff to voluntarily dismiss his own case at any time prior to the entry of the verdict. *See Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 397, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990); 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2363 (West 2008); *see also Bryan v. Pinney,* 3 Ariz. 34, 35, 21 P. 332, 333 (1889) (citing Arizona Territorial Code as permitting plaintiff to voluntarily take nonsuit "[a]t any time before the jury have retired" if defendant not prejudiced); *accord*

*Little v. Brown,* 36 Ariz. 194, 199, 283 P. 924, 925 (1930). As the Supreme Court noted,

> Rule 41(a)(1) was intended to eliminate "the annoying of a defendant by being summoned into court in successive actions and then, if no settlement is arrived at, requiring him to permit the action to be dismissed and another one commenced at leisure."

*Cooter,* 496 U.S. at 397, 110 S.Ct. 2447 (citing 2 American Bar Association, Proceedings of the Institute on Federal Rules, Cleveland, Ohio, 350 (1938) (remarks of Judge George Donworth, member of the Advisory Committee on Rules of Civil Procedure)).

¶ 21 Although FR 41(a)(1) permits a plaintiff to dismiss his case without prejudice in the early stages of proceedings and effectively returns him to the same legal position as if the action had never been filed, *see, e.g., Harvey Specialty & Supply, Inc. v. Anson Flowline Equip. Inc.,* 434 F.3d 320, 324, 326 (5th Cir.2005); *Janssen v. Harris,* 321 F.3d 998, 1000 (10th Cir.2003); 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2367 (West 2008), neither FR 41(a)(1) nor its history suggests that the rule was intended to reward a plaintiff for ending his case early by shielding him from the liability of attorneys' fees. In fact, federal cases have reached the opposite conclusion. *See Cooter,* 496 U.S. at 397, 110 S.Ct. 2447 (stating that "Rule 41(a)(1) was not designed to give a plaintiff any benefit other than the right to take one such dismissal without prejudice"); *Valley Disposal, Inc. v. Cent. Vt. Solid Waste Mgmt. Dist.,* 71 F.3d 1053, 1055–57 (2nd Cir.1995) (citing *Cooter* and overruling *Santiago v. Victim Servs. Agency,* 753 F.2d 219, 223 (2nd Cir.1985), which held that voluntary dismissal under FR 41(a)(1) deprived court of jurisdiction to award statutory attorneys' fees because permitting such award would, in part, discourage early termination of case); *Bldg. Innovation Indus., L.L.C. v. Onken,* 473 F.Supp.2d 978, 983 (D.Ariz.2007) (citing *Cooter* and rejecting argument that FR 41(a)(1) deprived

---

**3.** Federal Rule 41(a)(1) provides, in relevant part,

> [T]he plaintiff may dismiss an action without a court order by filing ... a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment .... Unless the notice ... states otherwise, the dismissal is without prejudice....

court of jurisdiction to consider attorneys' fees request "because it would effectively transform a rule designed to restrict plaintiffs into a vehicle by which plaintiffs may evade otherwise appropriate sanctions and costs". Given the purpose of FR 41(a) and in light of the above federal interpretation, we hold that Vicari's voluntary dismissal pursuant to Rule 41(a)(1) did not preclude the superior court from subsequently entering an award of attorneys' fees in favor of the City.[4]

**Merits of Attorneys' Fees Award**

¶ 22 In its motion to dismiss, the City requested attorneys' fees pursuant to Arizona Revised Statutes ("A.R.S.") sections 12–349 (2003) and 12–341.01 (2003). The superior court subsequently awarded the City its attorneys' fees because "there was no substantial justification" for Vicari's complaint and because the City "simply should not have had to incur" those fees. The court did not specify which statute provided the basis for its award.

¶ 23 The applicability of an attorneys' fees statute "is a question of statutory interpretation that we review de novo." *Chaurasia v. Gen. Motors Corp.*, 212 Ariz. 18, 26, ¶ 24, 126 P.3d 165, 173 (App.2006). However, we review the court's decision to grant or deny a party's requested attorneys' fees for an abuse of discretion. *Radkowsky v. Provident Life & Accident Ins. Co.*, 196 Ariz. 110, 113, ¶ 18, 993 P.2d 1074, 1077 (App.1999). Additionally, we view the evidence in the light most favorable to upholding the court's decision. *Rowland v. Great States Ins. Co.*, 199 Ariz. 577, 587, ¶ 31, 20 P.3d 1158, 1168 (App.2001).

¶ 24 Pursuant to A.R.S. § 12–349(A)(1), a court must assess attorneys' fees as a sanction if a "claim or defense constitutes harassment, is groundless and is not made in good faith." When imposing sanctions pursuant to A.R.S. § 12–349, "the court shall set forth the specific reasons for the award." A.R.S. § 12–350 (2003). Although federal courts

have imposed FR 11 sanctions after a voluntary dismissal pursuant FR 41(a)(1), *see, e.g.*, *Cooter*, 496 U.S. at 409, 110 S.Ct. 2447 (upholding sanctions pursuant to FR 11); *Szabo Food Serv., Inc. v. Canteen Corp.*, 823 F.2d 1073, 1077, 1084–85 (7th Cir.1987) (to same effect), we need not decide whether the superior court exercised similar authority here as the court did not make the requisite findings to support an award under A.R.S. § 12–349. *See* A.R.S. § 12–350; *State v. Richey*, 160 Ariz. 564, 565, 774 P.2d 1354, 1355 (1989) (holding trial court's finding that claim was frivolous insufficient to meet statutory requirement that claim "constitutes harassment, is groundless and not made in good faith"). Therefore, in order to uphold the award of attorneys' fees in this case, we must look to the application of A.R.S. § 12–341.01.

¶ 25 The City argues that it was entitled to an award of attorneys' fees pursuant to A.R.S. § 12–341.01(A), which provides, in relevant part, "In any contested action arising out of a contract, ... the court may award the successful party reasonable attorney fees." Vicari does not dispute that his claim arose out of contract, but contends that the court "erroneously relied solely upon § 12–341 which requires a contested action which never occurred."

¶ 26 The record reflects Vicari filed an amended complaint against the City in June 2007 on one claim of breach of contract. The City appeared and defended against Vicari's claim by filing a Rule 12(b)(6) motion to dismiss, in which the City correctly cited *Flori Corp. v. Yellow Rose Development and Construction, Inc.*, 184 Ariz. 540, 542, 911 P.2d 546, 548 (App.1995), for the proposition that a subcontractor is prohibited from suing a municipality for a general contractor's nonpayment. The City also requested attorneys' fees. On July 20, 2007, one month after the City filed its motion to dismiss, Vicari filed its notice of voluntary dismissal. Thereafter, the City filed a position statement at the court's request and agreed to accept Vicari's

---

**4.** Although in *Spring v. Spring*, 3 Ariz.App. 381, 384, 414 P.2d 769, 772 (1966), this court referred to its loss of "jurisdiction" that prevented it from considering the award of attorneys' fees after the filing of a Rule 41(a)(1) voluntary dismissal, it

did so in the context of an attorneys' fees dispute between the plaintiff and her former attorneys rather than attorneys' fees sought by the defendant arising out of the filing of the action.

voluntary dismissal, but renewed its request for attorneys' fees. Vicari responded to the position statement and cross-moved for attorneys' fees, which prompted the City to file a response to Vicari's attorneys' fees request. On May 1, 2008, the court awarded the City its reasonable attorneys' fees, which the City avowed as representing approximately nine hours of preparations relating to the case.

¶ 27 Given this record, we cannot say the superior court erred by awarding the City its requested attorneys' fees pursuant to A.R.S. § 12–341.01(A). *See Morrison v. Shanwick Int'l Corp.,* 167 Ariz. 39, 46–47, 804 P.2d 768, 775–76 (App.1990) (stating "a contested action is one in which the defendant has appeared and generally defends against the claims and demands made by the plaintiff" even if defendant admitted to factual allegations); *Britt v. Steffen,* 220 Ariz. 265, 267, ¶ 9, 205 P.3d 357, 359 (App.2008) (holding defendant still considered "successful party" under A.R.S. § 12–341.01(A) where there was no adjudication on the merits as action was dismissed without prejudice for failure to prosecute); *see also Corcoran v. Columbia Broad. Sys., Inc.,* 121 F.2d 575, 575–76 (9th Cir.1941) (affirming attorneys' fees award to defendants as "prevailing party" under provision of Copyright Act after plaintiff had voluntarily dismissed case because defendants had incurred expenses); *but see Szabo,* 823 F.2d at 1076–77 (disagreeing with *Corcoran* because voluntary dismissal under FR 41(a)(1) does not decide case on the merits and because attorneys' fees were not authorized as part of costs). Therefore, because reasonable evidence supports the court's award, we affirm.

**Attorneys' Fees on Appeal**

¶ 28 The City requested attorneys' fees on appeal pursuant to A.R.S. §§ 12–349 and 12–341.01(A). The City contends that an award of attorneys' fees on appeal is appropriate "given [Vicari's] persistence in pursuing a frivolous position [and] because this claim arises out of a contract and no contract existed between the City and [Vicari]." In light of our decision, we deny the City's request for attorneys' fees pursuant to A.R.S. § 12–349. We additionally exercise our discretion to deny the City's request for attorneys' fees pursuant to A.R.S. § 12–341.01(A). However, as the prevailing party, the City is entitled to costs subject to its compliance with Arizona Rule of Civil Appellate Procedure 21.

**CONCLUSION**

¶ 29 In summary, we hold that where a plaintiff timely and voluntarily dismissed without prejudice his complaint pursuant to Rule 41(a)(1), his action does not preclude the court from subsequently awarding attorneys' fees to a defendant. Additionally, because reasonable evidence supports the court's award of attorneys' fees pursuant to A.R.S. § 12–341.01(A), we affirm.

CONCURRING: JOHN C. GEMMILL and DANIEL A. BARKER, Judges.