NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

_____

JOHNNY JOHNSON and ANNA JOHNSON, husband and wife; RUDY
JOHNSON and DIANA JOHNSON, husband and wife,
*Plaintiffs/Appellants,*

*v.*

SHERRY CAMERON, in her capacity as the Personal Representative of
the Estate of WALTER DON CAMERON
*Defendant/Appellee.*

No. 1 CA-CV 13-0398
FILED 4-17-2014

_____

Appeal from the Superior Court in Maricopa County
No. CV2012-015219
The Honorable Lisa Daniel Flores, Judge

**REVERSED**

_____

COUNSEL

Daniel D. Maynard, Phoenix
By Maynard Cronin Erickson Curran & Reiter, P.L.C.
*Counsel for Plaintiffs/Appellants*

Joyce N. Van Cott, Ryan J. Talamante, Justin N. Redman, Phoenix
By Van Cott & Talamante, PLLC
*Counsel for Defendant/Appellee*

---

**MEMORANDUM DECISION**

---

Judge Kenton D. Jones delivered the decision of the Court, in which Presiding Judge Patricia A. Orozco and Judge Lawrence F. Winthrop joined.

---

**JONES**, Judge:

**¶1** Daniel D. Maynard (Maynard) appeals the trial court's grant of attorneys' fees and costs as sanctions for his failure to respond to Walter Don Cameron's (Cameron) motion to dismiss.[1] For the reasons stated below, we reverse the decision of the trial court.

**FACTS AND PROCEDURAL HISTORY**

I.      The Complaint

**¶2** In October 2012, Maynard filed a complaint in Maricopa County Superior Court on behalf of plaintiffs Johnny and Anna Johnson, and Rudy and Diana Johnson, as shareholders in Bill Johnson's Restaurant, Inc. The complaint named various defendants, alleging their complicity in negligence, breach of fiduciary duty, and common law fraud pertaining to the termination of the Defined Benefit Plan of Bill Johnson's Restaurant, Inc. Among the defendants, Maynard named "Harrell Cameron and John Doe Cameron, wife and husband." Cameron was named as a defendant in the action solely as husband to Herrell (Dena) Cameron. The complaint asserted Dena made a false filing with the Pension Benefit Guaranty Corporation (PBGC), a provider of ERISA Title IV plan termination insurance, stating the pension plan sought to terminate and had sufficient assets to do so. The complaint was devoid of any allegation of wrongdoing on the part of Cameron.

---

[1] Walter Don Cameron died on December 25, 2013. On March 13, 2014, this Court granted an order to substitute Sherry Cameron, daughter and personal representative of Walter Don Cameron, as the real party in interest pursuant to Arizona Rule of Civil Appellate Procedure 17(a).

II.    The Motion to Dismiss

    A.    The Demand Letter

¶3        On December 7, 2012, Cameron sent Maynard a letter via email demanding plaintiffs voluntarily dismiss him from the lawsuit as the complaint did not allege a wrongful act by him, and he was named only in his capacity as Dena's spouse.  The letter also informed Maynard that Dena and Cameron had been legally separated for more than twelve years and all property in the possession of each of them was held by each as their separate property.  Cameron included, within the letter, a redacted copy of the Consent Decree for Legal Separation (Separation Decree) entered by the Maricopa County Superior Court which established Cameron and Dena legally separated and divided their community property acquired up to the time they executed the division of property agreement on May 11, 2000.  In addition, the property division agreement, which was incorporated into the Separation Decree, provided that any property acquired subsequent to the legal separation would be separate property.  Based upon the provided documents and A.R.S. § 25-211,[2] Cameron reasserted he was not an appropriate party to the lawsuit.  Cameron concluded by informing Maynard he intended to file a motion to dismiss and an application for attorneys' fees and costs if Cameron did not receive a notice of dismissal by December 13, 2012.

    B.    Motion to Dismiss and Application for Award of Attorneys' Fees under A.R.S. §§ 12-349 and -350

¶4        Maynard did not respond to Cameron's letter, later admitting, "I should have responded to the letter but I was busy getting ready for the holidays and did not."  On December 17, 2012, Cameron filed a motion to dismiss pursuant to Arizona Rule of Civil Procedure 12(b)(6) for Johnson's failure to state a claim upon which relief may be granted, and included a claim for attorneys' fees and costs against

---

[2] Arizona Revised Statute (A.R.S.) section 25-211(A)(2) (2014) states: "All property acquired by either husband or wife during the marriage is community property . . . except for property that is . . . [a]cquired after service of a petition for dissolution of marriage, legal separation or annulment if the petition results in a decree of dissolution of marriage, legal separation, or annulment."

plaintiffs and their counsel, Maynard, jointly and severally, as sanctions pursuant to A.R.S. §§ 12-349 (2014)[3] and 12-350 (2014). Asserting the December 7, letter was an attempt to avoid the time and expense of filing the motion to dismiss, Cameron requested an amount at least equal to the cost of the motion's filing or, at the court's discretion, double damages not to exceed $5,000. Basing his claim for double damages upon A.R.S. § 12-349(A)(1), Cameron asserted Maynard named him within the complaint "without substantial justification" as the claim was groundless and not made in good faith. Maynard filed a response to neither the 12(b)(6) motion nor the request for attorneys' fees. Cameron subsequently petitioned the trial court to enter an order granting the motion.

> C. Granting of the Motion to Dismiss and Award of Attorneys' Fees

¶5 The trial court granted Cameron's unopposed 12(b)(6) motion, finding the complaint named Cameron as a defendant due only to his marriage to Dena and the complaint did not assert any allegation of wrongdoing against him. In addition, the trial court found the Separation Decree established Dena and Cameron did not share community property from which a judgment against Dena could be satisfied, and all property acquired and owned by Dena and Cameron since the separation was their separate property.

¶6 As regarded the request for attorneys' fees, the trial court awarded Cameron reasonable attorneys' fees and costs related to the filing of the motion to dismiss, finding Cameron sent the December 7th letter requesting dismissal on the ground of the legal separation and Maynard could have, but did not, voluntarily dismiss the complaint or contest the motion. In order to determine whether to award double damages or to assess the award against plaintiffs, Maynard or both, the trial court requested such pertinent information be included in the fee application.

III. Contesting the Award and Amount of Attorneys' Fees

¶7 Cameron filed an application for an award of attorneys' fees, costs, and double damages. Maynard filed an untimely response requesting the motion for attorneys' fees be directed at him alone; recognizing he should have filed a timely response to the motion to

---

[3] Absent material revisions after the relevant dates, we cite to the current version of the statutes and rules unless otherwise indicated.

dismiss but failed to do so. However, Maynard denied his failure to respond satisfied the requirements for sanctions under A.R.S. § 12-349, asserting his decision to forego a response was based upon the Separation Decree which, by Maynard's reading, provided no provision for the division of real property, stocks, bonds and other investments that had been Dena and Cameron's community property before their separation.

¶8        In addition, Maynard explained he did not respond to the motion to dismiss filed on December 17, 2012, because he was out of the office from December 20 through December 27, and though he should have requested an extension from the court Maynard conceded he decided not to file a response as he could recover the damages he was seeking from numerous other defendants should plaintiffs win the case. In contesting the application for double damages as sanctions under A.R.S. § 12-349(F), Maynard asserted he had "substantial justification" not only to name Cameron as a defendant pursuant to Arizona community property laws, but also to maintain the action as the Separation Decree did not address how the community property specified above was divided. Finally, Maynard argued the amount of attorneys' fees sought by Cameron was unreasonable as the motion to dismiss consisted of five pages, contained "boilerplate" language, and could not have taken more than three to four hours to complete given Cameron's counsel were experienced litigators.

¶9        In reply, Cameron asserted the amount of fees requested met the standard for reasonable fees articulated in *Schweiger v. China Doll Restaurant Incorporated*, 138 Ariz. 183, 673 P.2d 927 (App. 1983). Cameron also addressed Maynard's burden to show Cameron's application did not satisfy the *China Doll* standards.

IV.    The Award of Attorneys' Fees

¶10        The trial court denied Cameron's application for double damages as sanctions, but granted his request for attorneys' fees and costs in the amount of $6,172.89 against Maynard and the law firm in which he was a partner, jointly and severally. Maynard timely appealed. We have jurisdiction pursuant to A.R.S. §§ 12-120.21(A)(1) (2014) and -2101(A)(1) (2014).

**ISSUES ON APPEAL**

¶11        Maynard appeals the trial court's award of attorneys' fees and costs as well as the amount of the award.

**DISCUSSION**

**¶12**      "The applicability of an attorneys' fees statute is a question of statutory interpretation that we review de novo.  However, we review the court's decision to grant or deny a party's requested attorneys' fees for an abuse of discretion." *Vicari v. Lake Havasu City,* 222 Ariz. 218, 224, ¶ 23, 213 P.3d 367, 373 (App. 2009) (citations omitted) (internal quotations omitted).   "[W]e view the evidence in the light most favorable to upholding the court's decision."  *Id.* (citing *Rowland v. Great States Ins. Co.*, 199 Ariz. 577, 587, ¶ 31, 20 P.3d 1158, 1168 (App. 2001)).

**¶13**      A.R.S. § 12-349(A) provides in pertinent part:

> [T]he court shall assess reasonable attorney fees, expenses and, at the court's discretion, double damages of not to exceed five thousand dollars against an attorney or party . . . if the attorney or party does any of the following:
>
> 1. Brings or defends a claim without substantial justification.
>
> 2. Brings or defends a claim solely or primarily for delay or harassment.
>
> 3. Unreasonably expands or delays the proceeding.

Section 12-349(F) defines "without substantial justification" as "the claim or defense is groundless and is not made in good faith."

**¶14**      In awarding attorneys' fees under A.R.S. 12-349, the trial court is required to make "findings of fact and conclusions of law" for the elements of § 12-349(F).  *Bennett v. Baxter Group, Inc.*, 223 Ariz. 414, 421, ¶ 28, 224 P.3d 230, 237 (App. 2010).  The trial court must also "set forth the specific reasons for an award [under § 12-349]."  *Id.*; A.R.S. § 12-350.  The purpose of the requisite findings is to assist the party in the appellate process.  *Trantor v. Fredrikson*, 179 Ariz. 299, 300, 878 P.2d 657, 658 (1994) ("[A] party is entitled to findings and conclusions to aid in appellate review").

**¶15**      On appeal, Maynard cites *Johnson v. Mohave County*, 206 Ariz. 330, 78 P.3d 1051 (App. 2003) for the proposition that this Court must independently review the record to determine whether sufficient evidence exists to support an award.  In *Johnson*, a case dealing with the application of A.R.S. §§ 12-349 and -350, the trial court had specifically concluded in a final judgment it had "previously found that the Plaintiff's

Complaint was without substantial justification, that is, it was not filed in good faith and was groundless." *Id.* at 334, ¶ 18, 78 P.3d at 1055. By doing so, the trial court simply parroted § 12-349(A)(1) and (F) pertaining to groundless claims not made in good faith. Noting the trial court "did not make the requisite specific findings," the *Johnson* Court independently reviewed the record to determine if sufficient evidence existed to support the general finding of a frivolous claim. *Id.* The Court then ultimately found Johnson's claim raised nonfrivolous issues, not "without substantial justification." *Id.* at ¶ 19, 78 P.3d at 1055.

¶16     Unlike the findings in *Johnson*, the trial court's minute entry, found only: 1) Cameron sent a letter on December 7, 2012, asking Maynard to dismiss him from the complaint based upon the Separation Decree; 2) Cameron sent a copy of the Separation Decree to Maynard; 3) Maynard "could have, but did not, voluntarily dismiss the complaint; 4) Cameron filed the motion to dismiss; and 5) Cameron incurred attorneys' fees and costs to file the motion to dismiss. The trial court also noted Cameron's request for attorneys' fees and double damages and Maynard's failure to respond to that request. In fact, as best can be established through recourse to the record, the closest the trial court came to making a finding of fact in support of its award was its recitation of Cameron's argument for double damages wherein Cameron, rather than the court, asserted Maynard lacked substantial basis for bringing a claim against him.

¶17     These statements do not provide sufficient support for a determination that any of the four subsections of A.R.S. § 12-349 authorized the trial court to make its award. Simply restating A.R.S. § 12-349(A)(1) is insufficient as a "specific reason for the award," and summarizing Cameron's position leaves us without the ability to determine from the balance of the record on review whether the trial court was adopting Cameron's argument or simply restating it. The trial court did not render a conclusion of law either in its final judgment or in a previous finding authorizing an award of attorneys' fees. Consequently, this Court does not have findings of the trial court to independently review.

¶18     Maynard also appeals the $6,172.89 in attorneys' fees and costs awarded by the trial court, asserting the award was unreasonable given the "boilerplate" language of the 12(b)(6) motion. However, we are unable to test Maynard's assertion as absent from the record are findings of fact setting forth the basis of the award. *Bennett*, 223 Ariz. at 421, ¶ 28, 224 P.3d at 237 ("[T]he findings need only be specific enough to allow an

appellate court to test the validity of the judgment.") (citation omitted) (internal quotations omitted).

¶19        Given the absence of conclusions of law and findings of fact, on review we are without sufficient support in the record to address the reasonableness of the trial court's award.

**CONCLUSION**

¶20        For the above reasons, the decision of the trial court is reversed. While Cameron has requested the award of their attorneys' fees on appeal such are denied as they are not the successful party. Appellant has not made a request of their fees on appeal and none are, therefore, awarded.



Ruth A. Willingham · Clerk of the Court
FILED: MJT