NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

EDITH ACEVES NAVARRO, *Petitioner/Appellee,*

*v.*

RICARDO SALINAS GARCIA, *Respondent/Appellant.*

No. 1 CA-CV 17-0273 FC
FILED 2-6-2018

Appeal from the Superior Court in Yuma County
No. S1400DO201601427
The Honorable Stephen J. Rouff, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Bleich Law Office, PC, Yuma
By Lisa W. Bleich
*Counsel for Respondent/Appellant*

**MEMORANDUM DECISION**

Judge James B. Morse Jr. delivered the decision of the Court, in which
Presiding Judge Randall M. Howe and Judge Kenton D. Jones joined.

**M O R S E**, Judge:

¶1          Appellant Ricardo Salinas Garcia ("Father") appeals from the superior court's order establishing child support and judgment as to child support arrears.  Finding the superior court had subject matter jurisdiction to establish child support, we affirm.[1]

## FACTS AND PROCEDURAL HISTORY

¶2          Father and Edith Aceves Navarro ("Mother") had a son together in 1999.  Mother and her son live in San Luis, Mexico, and Father lives in Arizona.  In early 2016, Mother attempted to establish child support through the Department of Economic Security, but the case was closed when Father started making payments to Mother in Mexico.

¶3          On October 25, 2016, Mother filed a petition in superior court to establish child support pursuant to Arizona Revised Statutes ("A.R.S.") section 25-503.  A hearing was held on January 5, 2017, at which both parties were pro per litigants.[2]  During the hearing, Father attempted to introduce a document supporting his claim that child support was already established in Mexico.  The document was not admitted because Father failed to follow disclosure procedures; however, Father testified that the document was from a court in Mexico requiring him to pay 3,000 pesos of child support per month to Mother.  Mother testified that she opened a child support case in Arizona in February 2016 and Father's payments started in March 2016.  She also claimed Father had no order from a Mexico court, but made the payments in order to have the Arizona child support case closed.  The superior court ordered Father to pay monthly child support and entered a judgment for three years child support arrears.

¶4          On January 27, 2017, Father, with the assistance of an attorney, moved for relief from the order, arguing that the court's order was a mistake because the court did not receive proper evidence of the Mexican child support order and Mother provided the court with false information and failed to disclose relevant information.  Father attached a letter in

---

[1] Mother did not file an answering brief.  While we could regard this failure as a confession of error, we are not required to do so.  In the exercise of our discretion, we address the substance of Father's appeal.  *Cardoso v. Soldo*, 230 Ariz. 614, 616 n.1, ¶ 4 (App. 2012).

[2] Mother attended the hearing telephonically because she lived in Mexico and was not legally allowed into the United States.

Spanish from an attorney in Mexico (along with what appears to be an English translation of that letter) as support for his claim that there was a child support order from a court in Mexico. On March 8, 2017, the superior court denied the motion, finding that (1) "the court was not bound to give full faith and credit to an undocumented, vague and unproven order or judgment from a foreign country"; (2) the letters provided by Father were not adequate to prove the existence of a foreign order; and (3) the false information in Mother's petition was caused by "language problems" and corrected at the hearing. Father timely appealed. We have jurisdiction pursuant to A.R.S. § 12-2101(A)(1).

**DISCUSSION**

**¶5**         Father's sole claim on appeal is that a Mexico court previously established a child support order as to his son, and, therefore, A.R.S. § 25-1227(A) divested the superior court of jurisdiction to establish a different child support order in Arizona.

**¶6**         We review a superior court's award of child support for abuse of discretion. *McNutt v. McNutt*, 203 Ariz. 28, 30, ¶ 6 (App. 2002). An abuse of discretion occurs when the superior court "commits an error of law in the process of exercising its discretion." *Kohler v. Kohler*, 211 Ariz. 106, 107, ¶ 2 (App. 2005).

**¶7**         Father is correct that A.R.S. § 25-1227(A) provides that where a foreign support order has already been established, that order "is controlling and shall be recognized." However, to establish the primacy of a foreign support order, a party must submit "a copy of every child support order in effect and the applicable record of payments. The requesting party shall give notice of the request to each party whose rights may be affected by the determination." A.R.S. § 25-1227(D). Although Father brought some form of documentation to trial to support his claims that a foreign support order existed, and later attached a letter from an attorney in Mexico to his motion for reconsideration, he has not presented any document purporting to be a Mexico court order. Because Father has not presented the documentation required pursuant to A.R.S. § 25-1227(D), the superior court did not abuse its discretion.[3]

---

[3] It is not clear that A.R.S. § 25-1227(A) divests the superior court of jurisdiction, rather than provide a means by which the superior court is to determine what order controls. *Cf. Vicary v. Lake Havasu City*, 222 Ariz. 218,

**CONCLUSION**

**¶8** The superior court did not abuse its discretion and we affirm the order establishing child support and the judgment as to child support arrears.[4]



AMY M. WOOD • Clerk of the Court
FILED:  AA

---

221-22, ¶12 (App. 2009) (noting distinction between jurisdictional issues and challenges to the merits of a ruling). Similarly, Father's brief only indirectly addresses whether Mexico meets the definition of "foreign country" under A.R.S. § 25-1202(5) such that Mexico's support orders can have the authority of "foreign support order" under the statute. Because Father has not satisfied the requirements of A.R.S. § 25-1227(D), it is unnecessary to resolve either of these issues.

[4] The superior court ordered Father to pay child support until his son graduates from high school in May 2019, but the record indicates that the son will turn 19 in September 2018. Child support may be ordered to continue beyond the age of majority if the child is attending high school, but only until the child reaches 19 years of age. A.R.S. § 25-501(A). Because neither party has raised this issue, we leave it to the superior court to decide in the first instance whether the duration of the current grant of child support is consistent with A.R.S. § 25-501(A).