NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

VALLEY PRIDE AG COMPANY INC., *Plaintiff/Appellant*,

*v.*

IGNITE FUNDING LLC, *Defendant/Appellee*.

No. I CA-CV 18-0352
FILED 2-7-2019

Appeal from the Superior Court in Maricopa County
No.  CV2016-053335
CV2017-050704
(Consolidated)
The Honorable John R. Hannah, Judge

**AFFIRMED**

COUNSEL

Horne Slaton PLLC, Scottsdale
By Thomas C. Horne, Kristin M. Roebuck Bethell
*Counsel for Plaintiff/Appellant*

Ramras Legal PLC, Phoenix
By Ari Ramras
*Counsel for Defendant/Appellee*

---

**MEMORANDUM DECISION**

Judge Randall M. Howe delivered the decision of the Court, in which Presiding Judge Paul J. McMurdie and Judge Jennifer B. Campbell joined.

---

**H O W E**, Judge:

¶1 Valley Pride AG Company Inc. ("Valley Pride") appeals the trial court's award of attorneys' fees to Ignite Funding LLC ("Ignite"). For the following reasons, we affirm.

**FACTS AND PROCEDURAL HISTORY**

¶2 In November 2016, Valley Pride sought to foreclose on real property based on a claimed mechanic's lien to recover payment for the service of developing a pistachio orchard. Ignite is a construction lender that holds a deed of trust against the same property. Valley Pride's complaint sought a declaratory judgment that its mechanic's lien had priority over Ignite's deed of trust.

¶3 Ignite, a Nevada limited liability company, retained Nevada attorney Andrew Smith to handle the matter. Smith then retained Arizona attorney Kenneth Vaughn to draft a responsive pleading. Smith also tendered the claim to Ignite's title insurance company, which then retained attorney Ari Ramras.

¶4 In January 2017, Ignite moved to dismiss the mechanic's lien foreclosure because Valley Pride did not record a notice of *lis pendens* within five days of filing the action as required by statute. In February, Valley Pride responded by filing a new action and moved to consolidate it with the November 2016 action. Valley Pride argued that its mistake was curable because "[a notice of] Lis Pendens was filed within five days of the filing of that [2017] action." Although the notice of *lis pendens* was recorded, it was not recorded in the county where the property was located as required. *See* A.R.S. § 33–998(A) (a *lis pendens* must be filed with the county recorder in the county where the property is located). The court and the parties were unaware of the incorrect recording, and the court consolidated the cases.

¶5 The parties carried on as though the notice of *lis pendens* had been properly recorded. Ignite's counsel researched Valley Pride's claims, answered pleadings, objected to Valley Pride's motion for summary

judgment and form of judgment, participated in a status conference, and prepared a joint report.

¶6        During discovery in February 2018, Ignite's counsel learned that Valley Pride had mistakenly recorded the notice of *lis pendens* in an incorrect county. The next day, Ignite moved for judgment on the pleadings. Valley Pride then filed an agreement to dismiss its lien. The court subsequently granted Ignite's motion. Ignite requested attorneys' fees under A.R.S. § 33–998(B), and the trial court awarded $22,116.78 of the fees requested. Valley Pride timely appealed.

## DISCUSSION

¶7        Valley Pride argues that the trial court abused its discretion by awarding Ignite attorneys' fees. Alternatively, it argues that the amount of attorneys' fees awarded is unreasonable and should be reduced. The trial court's determination of the prevailing party entitled to attorneys' fees is reviewed for an abuse of discretion. *Cook v. Grebe*, 245 Ariz. 367, 369 ¶ 6 (App. 2018). The court's subsequent decision to grant or deny the prevailing party's request for attorneys' fees is reviewed for an abuse of discretion. *Vicari v. Lake Havasu City*, 222 Ariz. 218, 224 ¶ 23 (App. 2009). The reasonableness of a fee award is also reviewed for an abuse of discretion. *Cook*, 245 Ariz. at 370 ¶ 11. At a minimum, an attorney's affidavit supporting a fee application should list the type of legal services rendered, the date the services were provided, the attorneys that rendered the services, and the amount of time spent in providing the services. *Id.* "Once a party establishes its entitlement to fees and meets the minimum requirements in its application and affidavit for fees, the burden shifts to the party opposing the fee award to demonstrate the impropriety or unreasonableness of the requested fees." *Id.* (quoting *Nolan v. Starlight Pines Homeowners Ass'n*, 216 Ariz. 482, 491 ¶ 38 (App. 2007)).

¶8        Under A.R.S. § 33–998(A), a mechanic's lien "shall not continue for a longer period than six months after it is recorded, unless action is brought within that period to enforce the lien and a notice of pendency of action is recorded pursuant to § 12–1191 in the office of the county recorder in the county where the property is located." In an action to enforce a lien under this article, the trial court may award the successful party its reasonable attorneys' fees. A.R.S. § 33–998(B).

¶9        Here, Valley Pride sought a foreclosure based on its mechanic's lien, and it also attempted to establish the lien's priority over Ignite's lien. Ignite, however, successfully defended its priority lien position

by pointing out that Valley Pride's lien had been extinguished; Valley Pride had not recorded the *lis pendens* with the correct county within the six-month period. As such, after Valley Pride conceded that it no longer had a valid lien on the property, the court granted Ignite's motion for judgment on the pleadings. Based on these facts, the court did not abuse its discretion by finding that Ignite was the successful party under A.R.S. § 33–998(B) and by awarding fees under that same statute.

¶10　　　　Valley Pride argues that Ignite did not mount a successful defense because it succeeded on procedural grounds and not on the merits. Valley Pride contends that attorneys' fees should not be awarded until a court or a jury makes a finding on the merits. However, the fact that Ignite did not need to address the substantive merits of Valley Pride's mechanic's lien but had the foreclosure action dismissed on procedural grounds—with Valley Pride's consent—does not change the fact that Ignite succeeded in the action and was entitled to attorney's fees as the prevailing party. *See Vicari*, 222 Ariz. at 225 ¶ 27 (finding that defendant was entitled to attorneys' fees as a successful party even though plaintiff agreed to dismissal after a motion to dismiss was filed). Thus, this argument fails.

¶11　　　　Next, Valley Pride argues that had Ignite discovered that the *lis pendens* had been recorded in the wrong county earlier, any later work performed by Ignite could have been avoided. For support, Valley Pride cites *Scott Fetzer Co. v. Weeks*, 859 P.2d 1210 (Wash. 1993), which involved an ownership dispute over 120 vacuum cleaners. In that case, the Washington Supreme Court reversed and remanded a decision awarding attorneys' fees to a party prevailing on a motion to dismiss for lack of jurisdiction because it determined that the awarded fees were excessive. *Id.* at 1212.

¶12　　　　Valley Pride's argument assumes that Ignite knew about the erroneous recording earlier in the litigation and chose not to bring it to Valley Pride's attention immediately. No evidence in the record, however, supports that assertion. This is in direct contrast with the facts in *Fetzer*, in which the defendant's attorney "was aware of the jurisdictional issue from the time the suit was filed." *Id.* at 1217. The attorney then drafted a motion to dismiss in September 1986, but he did not file the motion until February 1987, about five months later. *Id.* at 1213. Because the facts in *Fetzer* are distinguishable from the facts in this case, it is not persuasive. Outside of Valley Pride's argument that Ignite should have performed less work if it knew about the erroneous recording, it does not present any other arguments concerning Ignite's billing entries. Therefore, the court did not abuse its discretion by awarding $22,116.78 in attorneys' fees.

## CONCLUSION

¶13  For the foregoing reasons, we affirm.



AMY M. WOOD • Clerk of the Court
FILED:  AA