NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

NADA SAAD, *Plaintiff/Appellee*,

and

ALI SAAD, et al., *Intervenors/Appellees*,

*v.*

ELIZABETH SHINOHARA, *Defendant/Appellant*.

No. 1 CA-CV 21-0196
FILED 9-30-2021

---

Appeal from the Superior Court in Maricopa County
No. CV2018-008642
The Honorable Timothy J. Thomason, Judge

**REVERSED AND REMANDED**

---

COUNSEL

Conner Law, PLC, Phoenix
By Catherine Conner
*Counsel for Plaintiff/Appellee and Intervenor/Appellees*

Portmeirion Law Offices, Phoenix
By Daniel Torrens
*Co-Counsel for Defendant/Appellant*

Hill, Hall & DeCiancio PLC, Phoenix
By Christopher Robbins
*Co-Counsel for Defendant/Appellant*

## MEMORANDUM DECISION

Judge David B. Gass delivered the decision of the court, in which Presiding Judge D. Steven Williams and Judge James B. Morse Jr. joined.

**G A S S**, Judge:

¶1 The facts underlying the claims in this case are of little interest. They do not affect the outcome. Instead, the outcome turns on how procedurally, the Saad plaintiffs' claims against one defendant, Elizabeth Shinohara, came to be dismissed. In an interesting turn of events, plaintiffs wish to have the claims against Shinohara dismissed. Shinohara, the defendant, does not. In short, Shinohara wants the case to continue because she believes she will prevail against the Saad plaintiffs and wants to recover her attorney fees. The Saad plaintiffs prefer to avoid the fight. We conclude the process the Saad plaintiffs used to secure a dismissal and avoid owing any potential attorney fees award was flawed. We reverse.

## FACTUAL AND PROCEDURAL HISTORY

¶2 The Saad plaintiffs filed this action against several defendants. All, including Shinohara, answered the complaint. The Saad plaintiffs reached a preliminary settlement agreement as to all but one defendant, Shinohara. The superior court, accordingly, put a portion of the case on the "Dismissal Calendar," specifically "as to all parties, except Elizabeth Shinohara . . . ." And at that point, the claims involving Shinohara, including her claim for attorney fees, were on a second, non-dismissal track. The Saad plaintiffs never moved to dismiss their claims against Shinohara even though she had filed an answer. At no point did Shinohara settle with the Saad plaintiffs and agree to a dismissal. Instead, Shinohara and the Saad plaintiffs proposed a scheduling order, which the superior court signed.

¶3 The following is a timeline of the pertinent events leading to this appeal. The timeline shows how the superior court came to sign a dismissal order saying the claims against Shinohara had been dismissed based on a series of the Saad plaintiffs' unilateral filings.

- August 29, 2019: Following a two-day settlement conference, the settlement judge filed a minute entry finding the parties "knowingly, voluntarily and intelligently entered into the [settlement] agreement

. . . ." In the same minute entry, the settlement judge said, "**LET THE RECORD REFLECT** that Elizabeth Shinohara is not part of the settlement." (Emphasis original.) The settlement judge went on to order "this matter on the Dismissal Calendar as to all parties, except Elizabeth Shinohara, until **November 22, 2019**, pending the Stipulation to Dismiss." (Emphasis original.)

- November 18, 2019: The Saad plaintiffs filed a stipulation to continue this case on the Dismissal Calendar. Paragraph E of the stipulation was consistent with the August 29, 2019, order, saying the settlement judge "ordered this matter placed on the Dismissal Calendar as to all parties, except Elizabeth Shinohara." The stipulation also contained a footnote saying the term "parties" in the stipulation did not include Shinohara.

- November 20, 2019: The superior court modified and issued the form of order the Saad plaintiffs lodged with the stipulation, "continuing this matter on the Dismissal Calendar . . . ." The order is silent as to Shinohara, but notes it was entered after consideration of the November 18, 2019, stipulation.

- December 27, 2019: Shinohara filed her answer to the Saad plaintiffs' second amended verified complaint.

- January 27, 2020: Shinohara filed her answer to the intervening Saad plaintiffs' verified complaint.

- March 23, 2020: After a hearing, the superior court issued a scheduling order for the claims between the Saad plaintiffs and Shinohara, which included a trial scheduling conference with the court at 9:00 a.m. on January 29, 2021.

- April 22, 2020: The Saad plaintiffs filed a stipulation to continue this case on the Dismissal Calendar as to all parties, except Elizabeth Shinohara. The Saad plaintiffs modified this stipulation from the November 18, 2019, stipulation by deleting paragraph E, which noted Shinohara had not settled. Still, the Saad plaintiffs kept the footnote saying the term "parties" in the stipulation did not include Shinohara.

- April 28, 2020: The superior court modified and issued the form of order the Saad plaintiffs lodged with the stipulation, "continuing this matter on the Dismissal Calendar . . . ."

- June 11, 2020, July 2, 2020, and July 13, 2020: The Saad plaintiffs filed stipulations to continue this case on the Dismissal Calendar. Without explanation and contrary to their previous filings, the Saad plaintiffs did not include language excluding Shinohara from the filing in the body or in a footnote.

- June 16, 2020, July 8, 2020, and July 15, 2020: The superior court modified and issued the forms of order the Saad plaintiffs lodged with the stipulations, "continuing this matter on the Dismissal Calendar . . . ." The July 15, 2020, order also said, "Absent the most extreme situation, the dismissal date will not be continued again."

- September 17, 2020: The Saad plaintiffs filed a motion to continue this matter on the Dismissal Calendar. The Saad plaintiffs' motion noted the settlement concluded "as to all Defendants except Defendant Elizabeth Shinohara." The superior court did not grant this motion.

- January 22, 2021: Shinohara requested a scheduling conference.

- January 27, 2021: Based on Shinohara's request, the superior court issued a minute entry setting a telephonic status conference with the Saad plaintiffs and Shinohara at 9:00 a.m. on February 11, 2021.

Shinohara did not sign any of the stipulations to continue the case on the Dismissal Calendar. None of the orders continuing the case on the Dismissal Calendar referenced Shinohara. They merely stated they were based on the stipulations filed by the parties.

**¶4**        The timeline above shows this case has been on two tracks beginning in August 2019 when the superior court put all parties, except Shinohara, on the Dismissal Calendar. From then, the Saad plaintiffs and all the defendants—other than Shinohara—were placed on the first track (the Dismissal Calendar track), and the Saad plaintiffs and Shinohara were on the second track (the active calendar track). No order made mention of Shinohara's active calendar track joining the Dismissal Calendar track.

**¶5**        When Shinohara filed a request for a scheduling conference in January 2021, the Saad plaintiffs argued their case against Shinohara was dismissed with all the other claims on August 14, 2020. At that point, the Saad plaintiffs asked the superior court to vacate the status conference. The superior court granted the Saad plaintiffs' request, saying "this case was dismissed in its entirety on August 14, 2020." Shinohara filed a motion for reconsideration, challenging the superior court's order and arguing the

4

claims against her were never subject to a dismissal order because the Saad plaintiffs failed to comply with the Arizona Rules of Civil Procedure in dismissing their case against her. The superior court denied Shinohara's motion for reconsideration, agreeing with the Saad plaintiffs to the extent it decided the case was dismissed as to all parties, including Shinohara.

## JURISDICTION

¶6         The superior court included Rule 54(c) language in its order denying Shinohara's motion for reconsideration. Shinohara timely appealed that order. This court has jurisdiction under article VI, section 9, of the Arizona Constitution, and A.R.S. §§ 12-120.21.A.1 and 12-2101.A.1.

## ANALYSIS

¶7         The Saad plaintiffs may dismiss their case against Shinohara in one of three ways. First, the Saad plaintiffs may voluntarily dismiss an action so long as they do so "before the opposing party serves either an answer or a motion for summary judgment." *See* Ariz. R. Civ. P. 41(a)(1)(A)(i). Second, the Saad plaintiffs may voluntarily dismiss an action "based on a stipulation of dismissal signed by all parties who have appeared." *See* Ariz. R. Civ. P. 41(a)(1)(A)(ii). Third, the superior court may dismiss at the Saad plaintiffs' request, but only by terms the court considers proper. *See* Ariz. R. Civ. P. 41(a)(2).

¶8         The superior court also has the discretion to dismiss cases that are not diligently prosecuted. *Cooper v. Odom*, 6 Ariz. App. 466, 469 (1967). This court reviews an order of dismissal for lack of prosecution for an abuse of discretion. *Slaughter v. Maricopa Cnty.*, 227 Ariz. 323, 326, ¶ 14 (App. 2011). The superior court abuses its discretion when "the record fails to provide substantial support for its decision." *Files v. Bernal*, 200 Ariz. 64, 65, ¶ 2 (App. 2001). This court reviews *de novo* "whether the [superior] court correctly applied the law." *See Baker v. Ariz. Dep't of Revenue*, 209 Ariz. 561, 564, ¶ 10 (App. 2005) (citation omitted).

¶9         Shinohara argues the superior court committed reversible error by dismissing this matter as to all parties because she was never a party to the stipulations or the orders placing the claims against all the other defendants on the Dismissal Calendar. We agree.

¶10         From November 2019 through April 2020, the Saad plaintiffs consistently excluded Shinohara from their stipulations to continue this matter on the Dismissal Calendar. Without explanation, the Saad plaintiffs

removed the Shinohara exclusion from the body of the stipulation, only keeping this detail in a footnote in the stipulation filed April 22, 2020. Starting in June 2020, the Saad plaintiffs deleted the footnote excluding Shinohara from their stipulations without any additional explanation. In the interim, the Saad plaintiffs' claims against Shinohara were on the active calendar subject to the superior court's March 23, 2020, scheduling order.

¶11　　　　The Saad plaintiffs argue the superior court gave all parties, including Shinohara, prompt notice the entire case was set for dismissal and did so every time it granted their stipulations to continue. Not so. Until the June 2020 stipulation to continue, the Saad plaintiffs expressly excluded Shinohara. The superior court's orders all indicated they were based on the stipulations. In essence, the Saad plaintiffs argue the stipulations to continue had the effect of turning each stipulation into a motion to dismiss their claims against Shinohara merely because they omitted a footnote.

¶12　　　　Saad plaintiffs' arguments fail for several reasons. Shinohara filed an answer and Saad plaintiffs never filed a notice of dismissal under Rule 41(a)(1)(A)(i). Shinohara never signed any stipulation to dismiss, so the stipulations cannot support a voluntary dismissal under Rule 41(a)(1)(A)(ii). Rule 41(a)(2) cannot apply because the stipulations cannot fairly be read to be asking to dismiss the claims against Shinohara.

¶13　　　　The Saad plaintiffs next argue this matter was dismissed as to all parties because the superior court's July 15 order set the case to be dismissed on August 14, 2020. The Saad plaintiffs' argument is true as to all the parties other than Shinohara. *See* Ariz. R. Civ. P. 38.1(d)(2) ("If an action remains on the Dismissal Calendar for 60 days, the court must dismiss it without prejudice."). Rule 38.1(d)(1)(A), however, cannot support placing the case against Shinohara on a Dismissal Calendar because the Saad plaintiffs and Shinohara filed the required reports and proposed scheduling order under Rule 16(c). Indeed, Rule 38.1(d)(2) does not support placement on the Dismissal Calendar because the parties had already filed the joint report and scheduling order.

¶14　　　　As a final point, the Saad plaintiffs' September 17, 2020, motion to continue this matter on the Dismissal Calendar stands in contradiction to their arguments before the superior court and on appeal. The Saad plaintiffs assert the matter was dismissed without any additional orders effective August 14, 2020, more than a month before they filed the motion. If we were to accept the Saad plaintiffs' position, a motion to continue on the Dismissal Calendar was not in order at that point. Moreover, the motion noted the settlement concluded "as to all Defendants

except Defendant Elizabeth Shinohara"—a nod at least to the ongoing nature of their claims against Shinohara.

¶15 The parties ask us to resolve whether placement on the Dismissal Calendar under Rule 38.1(d)(1)(A) is self-executing. *Cf. Gorman v. Phoenix*, 152 Ariz. 179, 181 n.4 (1987) (explaining the rule providing for the dismissal of cases placed on the inactive calendar for two months "is not self-executing and that a written order of dismissal is required"). We need not decide that issue here. The superior court's July 15 order, as we explain in the previous paragraph, cannot apply to Shinohara. It was legal error to conclude "the Court's order, filed July 15, 2020[,] dismissing the matter on August 14, 2020[,]" in fact resulted in the case being "dismissed in its entirety on August 14, 2020." Moreover, the superior court did not indicate the dismissal was based on a failure to prosecute under Rule 38.1.

¶16 Accordingly, even if Shinohara had notice as to the status of the Dismissal Calendar orders, based on the Arizona Rules of Civil Procedure, she would have no notice the Dismissal Calendar orders could apply to her, and indeed they did not. It, therefore, was legal error for the superior court to dismiss the Saad plaintiffs' claims against Shinohara. As a result, no action in the superior court caused the dismissal of the Saad plaintiffs' claims against Shinohara and any claims Shinohara may have for attorney fees. The outcome of these claims must be resolved on remand.

**ATTORNEY FEES**

¶17 Shinohara requests her contract attorney fees on appeal under A.R.S. § 12-341.01. In the exercise of our discretion, we deny her request. If Shinohara is later successful on the merits, the superior court may consider her appellate attorney fees in her fee award. *See Vicari v. Lake Havasu City*, 222 Ariz. 218, 224, ¶ 25 (App. 2009) (explaining "the court may award the successful party reasonable attorney fees" (quoting A.R.S. § 12-341.01.A)). As the prevailing party on appeal, Shinohara is entitled to her costs upon compliance with ARCAP 21. *See* A.R.S. § 12-342.

**CONCLUSION**

**¶18** We vacate the March 9, 2021, signed order of dismissal, and we remand the case for further proceedings consistent with this memorandum decision.



AMY M. WOOD • Clerk of the Court
FILED: AA

8